SLUSSER ET AL., APPELLEES, *v.* WYRICK, D.B.A WYRICK'S AUTO SALES, APPELLANT.

(No. CA85-11-148 — Decided May 5, 1986.)

*Baver, Messham & Bookwalter Co., L.P.A.,* and *John F. Kolberg,* for appellees.

*Daniel J. Picard,* for appellant.

KOEHLER, P.J. By complaint dated January 8, 1985, plaintiffs-appellees, Thomas and Carol Slusser, initiated this action against defendant-appellant, John Wyrick, d.b.a. Wyrick's Auto Sales, for the wrongful repossession of their automobile.[1] Said vehicle had been purchased from appellant on September 4, 1984 pursuant to a retail installment security agreement. Appellant defended the action on the ground that appellees were in default at the time of the repossession, December 4, 1984, in that they had failed to timely make the installment payment due December 1. Following a bench trial on August 1, 1985, the Court of Common Pleas of Butler County awarded appellees compensatory damages in the amount of $1,299.73. Said damages included the down payment on the motor vehicle, the periodic payments made, and the cost of improvements to the motor vehicle which were paid by appellees.

On this appeal, appellant raises a single assignment of error:

"The trial court wrongfully ruled that the defendant-appellants [sic] actions precluded the repossession of a motor vehicle."

R.C. 1309.46 (UCC 9-503), entitled "Secured party's right to take possession after default," provides:

"Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action. * * * "

The record in this case reveals, however, that appellant repeatedly accepted appellees' untimely (late) installment payments. Under these facts, a majority of those courts which have considered the issue[2] have interpreted UCC 9-503 (R.C. 1309.46) to impose a duty on the creditor to notify the debtor that strict compliance with the time for payment will henceforth be required in order to avert repossession. Stated in other words, the acceptance of late payments by a creditor who has the statutory or contractual right to repossess the collateral estops the creditor from lawfully repossessing said collateral without notice after subsequent late payment default. See, e.g., Nevada Natl. Bank v. Huff (1978), 94 Nev. 506, 582 P.2d 364; Cobb v. Midwest Recovery Bureau Co. (Minn. 1980), 295 N.W.2d 232, 236 ("The basis for imposing this duty on the secured party is that the secured party is estopped from asserting his contract rights because his conduct had induced the justified reliance of the debtor in believing that late payments were acceptable. * * * ").

In support of his assignment of error, appellant argues as follows:

" * * * Debtors were informed of the need for strict compliance with every effort to collect the debt and again upon receipt of each monthly payment. And as indicated by the transcript of these proceedings, Defendant's action of repossession was not a sudden change from past practice of accepting late payments as the debtors were always informed of the unacceptability of late payments and were warned not to continue this practice."

By his opinion dated September 16, 1985, the trial judge specifically found to the contrary: "The defendant acquiesced to payments which were regularly a few days late * * *. This * * * had the effect of conveying to the plaintiffs that they were in conformance with their contract and this lulled them into a sense of security. Then *without notice* defendant repossessed plaintiffs' motor vehi-

---

[1] This vehicle was subsequently sold by appellant.

[2] Our research has failed to uncover any published Ohio decision which addresses this issue.

cle." (Emphasis added.) In substance, therefore, appellant's argument attacks the weight of the evidence.

When considering an assignment of error in a civil case which attacks the weight of the evidence, a certain perspective is required. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O. 3d 261], syllabus.

At trial, appellee Thomas E. Slusser testified as follows:

"Q. In these personal encounters with Mr. Bowling [a car salesman/manager] at Wyrick's Auto Sales, did he ever request or demand that your payments be made exactly on the 1st and the 15th of the month?

"A. No, sir.

"* * *

"Q. Were you ever threatened with a late charge for delinquent payments?

"A. Never.

"* * *

"Q. Did he [appellant] at any time notify you that he was calling the entire debt due immediately per the terms of the contract?

"A. No, sir.

"* * *

"Q. Did any agent of the defendant or his automobile company dealership notify you they felt insecure and therefore I'm going to call the entire debt due immediately?

"A. No, sir.

"* * *

"Q. Any time prior to the repossession, Mr. Slusser, did the defendant notify you that it was his intention to repossess the automobile?

"A. No, sir."[3]

We are satisfied that competent, credible evidence supports the trial judge's factual finding that appellant failed to notify appellees of his intention to repossess upon a subsequent late payment default. Accordingly, the assignment of error is without merit and the judgment of the trial court is affirmed.[4]

*Judgment affirmed.*

HENDRICKSON, J., concurs.

JONES, J., concurs separately.

JONES, J., concurring. While I concur with the judgment in the case at bar, I would strongly urge that its rule of law be limited to the facts as presented by this particular case lest our decision be interpreted as granting our imprimatur to a concept of law which would permit a debtor to disregard the express terms of an installment sales agreement.

In those limited situations where the creditor has engaged in the practice of repeatedly accepting late payments so as to result in the debtor's reliance upon such a continued course of conduct I agree that the creditor must give the debtor adequate warning before exercising any rights of repossession under the purchase agreement.

It is with this caveat in mind that I concur in the judgment herein.

---

[3] Additionally, we note that the trial testimony of appellee Carol Slusser was identical to that of Thomas Slusser in all pertinent respects.

[4] Were this court to accept appellant's view of the facts, *i.e.,* that "* * * [d]ebtors were informed of the need for strict compliance with every effort to collect the debt and again upon receipt of each monthly payment * * *," such would not necessarily alter the result herein. Acceptance of a late payment after notice could act as a waiver of the rights asserted by the notice. See *Cobb, supra,* at 237.