OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel.
Defendants-appellants Phyllis Pantona and Packaging Engineering and Technology, Inc. ("appellants") appeal the decision of the Cuyahoga County Court of Common Pleas by which the court denied their Motion for Relief from Judgment without a hearing. For the reasons stated below we reverse the judgment of the trial court and remand the matter for further proceedings.
The record reflects the facts giving rise to this appeal as follows. On May 29, 1990, Rohner Distributors ("appellee") filed a complaint against the appellants. On January 28, 1992, the parties entered a stipulated dismissal of the complaint and judgment was entered against appellants in the amount of $62,784.87 plus interest. Additionally, a settlement agreement was entered into by the parties whereby appellant Pantona would pay $750 per month beginning on June 1, 1992 and the judgment of $62,784.87 would be "fully liquidated" when the "defendants pay a total sum of $45,000.00."
The agreement provided in part that "* * * [n]o further execution shall issue on said judgment provided that the defendant complies with the terms of this agreement. If the defendants fail, in any way, to fulfill the provisions of this agreement, plaintiff may execute immediately on the total judgment ($62,784.87, plus interest from August 16, 1989 and all costs.)" It is undisputed that appellants $750 payments were not always timely made according to the terms of the agreement. However, the record reveals that each payment was accepted by appellee and was credited against the agreed upon liquidated amount of $45,000. On January 1, 1998, after appellants had made payments totaling $43,250, they tendered the final payment of $1,750 to appellee. Appellee twice refused acceptance of the tendered final payment and began proceedings to execute on the original judgment. In response, on May 13, 1998, appellants filed a motion requesting the court to enforce the settlement agreement. This motion was denied by the court without hearing on June 4, 1998. Then on June 30, appellants filed a motion requesting the court to stay the proceedings to enforce the judgment and on July 1, they filed a motion for Relief from Judgment (Hearing Requested) under Civ.R. 60(B)(4) claiming satisfaction of the $62,784.87 judgment against them. Without hearing, on July 20, 1998, the trial court found:
 "On 6/4/98 this court denied defendants motion to enforce settlement (filed 5/13/98). Thus, defendants motion to stay proceedings to enforce judgment (filed 6/30/98) is MOOT. Furthermore, defendants motion for relief from judgment is denied."
Appellants filed a motion on August 10, 1998 requesting the trial court to reconsider its denial of the motion for relief from judgment arguing that the trial court abuses its discretion where it fails to conduct a hearing on a motion for relief from judgment when the grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment. This motion was not considered by the court prior to the appeal. Appellants timely appeal the trial courts order denying their motion for relief from judgment and advance two assignments of error for our review.
 I. THE TRIAL COURT ERRED BY FAILING TO HOLD AN EVIDENTIARY HEARING TO RESOLVE THE FACTUAL DISPUTES ESTABLISHED BY APPELLANTS MOTION FOR RELIEF FROM JUDGMENT.
 II. THE TRIAL COURT ERRED IN DENYING APPELLANTS MOTION FOR RELIEF FROM JUDGMENT.
Appellants assignments of error having a common basis in law and fact will be considered together.
In this appeal, appellants contend that the trial court erred when it denied their motion for relief from judgment without a hearing. Specifically, appellants assert that because they met the criteria for relief from judgment, the trial court is required to conduct a hearing to determine whether their defense is meritorious. On the other hand, appellee argues that due to appellants breach of the settlement agreement, it is entitled to execute on the underlying judgment and appellants motion pursuant to Civ.R. 60(B)(4) must of necessity fail for appellants inability to present a "meritorious defense." Moreover, appellee asserts that the trial courts denial of appellants motion to enforce the settlement agreement renders the issue of whether appellants have satisfied the settlement agreement moot and it asserts that the meritorious defense as advanced by appellants must fail because the issues involved have been previously resolved against appellants and as such are res judicata.
Civ.R. 60(B) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment.
To prevail on a motion for relief from judgment the motion must be made within a reasonable time; the party must show that the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) — (5) and the party must invoke a meritorious defense to present if relief is granted. GTE Automatic Electric, Inc. v.ARC Industries, (1976), 47 Ohio St.2d 146. The movant's burden is only to allege a meritorious defense not to prevail on the merits of the defense. Moore v. Emmanuel Family Training Ctr., Inc.
(1985), 18 Ohio St.3d 64. The trial court abuses its discretion where grounds for relief from judgment are sufficiently alleged and are supported with evidence that would warrant relief from judgment but fails to hold a hearing on the matter. Kay v. Marc Glassman,Inc. (1996), 76 Ohio St.3d 18; see, also, Brotherhood of LocomotiveEngineers v. Dixon (July 23, 1998), Cuyahoga App. No. 72269, unreported.
The record in the matter sub judice demonstrates that appellants filed the motion for relief from judgment less than thirty days after the trial courts denial of the motion to enforce the settlement agreement, the event which triggered the opportunity of appellee to execute upon the judgment. Thus, the motion was filed within a "reasonable" time. Further, appellants have raised sufficient grounds to demonstrate that they are entitled to relief pursuant to Civ.R. 60(B). Appellants assert that they are entitled to relief under Civ.R. 60(B)(4) by showing that "the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Alternatively, pursuant to Civ.R. 60(B)(5) which provides for "other reasons justifying relief," appellants may demonstrate that enforcement of the judgment would defeat the purpose of encouraging parties to settle their disputes and to secure settlements by agreed judgment entry.
Having met the first two elements required by GTE, the remaining question before the court was whether appellants have met the final element required, the presentation of "meritorious defense" to the judgment against them. Appellants assert the equitable doctrine of estoppel as their meritorious defense to the judgment entered against them. Appellants contend that appellee is estopped by its own actions from alleging they are in default thereby permitting it to execute on the judgment against them.Slusser v. Wyrick (1986), 28 Ohio App.3d 96. Appellants claim that the record demonstrates that: 1) they have substantially complied with the terms of the settlement agreement/contract; 2) appellee has acquiesced to appellants failure to specifically comply with the terms of the agreement by accepting late payments; 3) appellee credited the late payment amounts to the balance as owed pursuant to the agreement. Thus, appellants assert that where they have fully tendered the final payment in compliance with the agreed upon amount of the contract; then, appellee is estopped from claiming that appellants breach of the agreement by making "late payments" entitles it to execute on the underlying judgment.
Appellee counters that appellants may not raise the estoppel defense in their motion for relief for judgment made pursuant to Civ.R. 60(B) because the precise issue regarding the settlement agreement was adjudicated by the court in its denial of appellants motion to enforce settlement agreement. Therefore, appellee claims that the issue is precluded by the doctrine of res judicata. We do not agree.
The party invoking the doctrine of res judicata as a bar is required to show that: there is a final judgment, rendered on the merits, by a court of competent jurisdiction, conclusive of all rights questions and facts in issue, as to the parties. See Gravav. Parkman Twp. (1995), 73 Ohio St.3d 379, 382; Quality Ready Mix,Inc. v. Mamone (1988), 35 Ohio St.3d 224. "An issue must actually and necessarily be litigated for res judicata to apply a later proceeding." (Citation omitted). Ameigh v. Baycliffs Corp.
(1998), 81 Ohio St.3d 247. Questions of res judicata present a question of law which is reviewed de novo by an appellate court.Orrville Products, Inc. v. MPI Inc. (June 9, 1994), Cuyahoga App. No. 65184, unreported.
Our review of the record reveals that in the motion to enforce the settlement agreement appellants requested the court to conduct a hearing to receive evidence in order to determine: 1) whether the settlement agreement made in January, 1992 was valid and enforceable; 2) whether appellants substantially met the terms of the agreement; and 3) whether, after the submission of the final payment amount, appellants had satisfied the judgment and be entitled to file a satisfaction of judgment and release of liens. In response to the motion to enforce the settlement agreement, appellee advanced as its only argument that appellants "failure to fulfill the provisions of paragraph three of the agreement" which required the payment of "$750.00 each month — not every other month and not when they felt like it" constituted a repudiation of the contract by appellants. (Emphasis in original, appellee brief). Without presenting its reasoning, the trial court summarily denied appellants motion to enforce the settlement agreement.
We find, in the matter sub judice, a factual dispute existed as to whether appellee acquiesced to the late payments. However, the trial court simply denied appellants motion to enforce the settlement agreement without a presentation of evidence at a hearing in order to resolve the contract dispute. Where a motion to enforce a settlement agreement surrounds an agreement of undisputed terms, the issue is one of contract law. The supreme court in Rulli v. Fan Co. (1997), 79 Ohio St.3d 374 held: "[w]here the meaning of the terms of a settlement agreement is disputed, or where there is a dispute that contest the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment." Rulli, supra, syllabus; Mack v. PolsonRubber Co. (1984). 14 Ohio St.3d 34. Where the parties establish that a factual dispute exists as to the terms or performance under a contract, the trial court must hold an evidentiary hearing prior to concluding whether either party is entitled to relief for breach of the agreement. Rothfusz v. Fitzgerald (Feb. 3 1994), Cuyahoga App. No. 64526. unreported; Mack v. Polson Rubber Co., supra at 36. Moreover, it is well settled that the terms of a contract may be waived "either by subsequent contract, written or oral, or by acts and conduct of the parties." Ohio Farmers Ins. Co. v. Cochran
(1922), Ohio St. 427, paragraph three of the syllabus.
Here, appellants requested a hearing and asked the court for a declaration as to whether the 1992 agreement was "valid and enforceable" and whether by submission of the final payment due the terms of the agreement are satisfied due to appellees acquiescence to the late payments; however, no decision was rendered by the trial court as to the merits of the positions advanced by the parties. Even though a determination made by the court pursuant to a motion to enforce a settlement agreement may be considered res judicata as to an issue litigated on the merits, in this case the trial court failed to conduct a hearing on the question of fact in dispute.
It is conceded that the agreement is unambiguous in its requirement that appellants pay $750 per month and the evidence demonstrates that appellants failed to meet the requirements of this provision; however, the matter in dispute was not whether appellants made their payments timely, but whether appellee had acquiesced to this failure thereby waiving enforcement of this particular provision while agreeing to accept payments until the agreed upon amount had been met. Without hearing on the disputed factual issue of waiver, then, the merits of the issue have not been addressed and there is no evidentiary foundation for the trial courts conclusion that the settlement agreement should not be enforced. As a consequence, the denial of appellants motion to enforce the settlement agreement cannot be said to constitute a final judgment, rendered on the merits and conclusive of all rights and questions of fact on the issue of whether appellees acquiescence constitutes a waiver of its claim that appellants breached the settlement agreement. Thus, we find the trial courts denial of appellants motion to enforce the settlement agreement did not constitute a decision on the merits, thereby precluding appellants assertion of equitable estoppel as a meritorious defense to enforcement of the judgment. Accordingly, although appellants motion for relief from judgment raised the same issues as appellants motion for relief from judgment pursuant to Civ.R. 60(B), the trial courts denial of the motion to enforce the settlement agreement is not res judicata as to issues which were not decided on the merits.
In accordance with the law and the facts as stated above, we find that appellants have met the elements required of Civ.R. 60(B) and set forth a prima facie case with documentary evidence. GTE v.Arc Industries, Inc., supra. Appellants presented their motion within a reasonable time before the court. Appellants demonstrated that they are entitled to relief pursuant to Civ.R. 60(B)(4) or (5) because it is no longer equitable that the judgment should have prospective application where they have satisfied the terms of the settlement agreement which unequivocally state that the "judgment shall be fully liquidated when [appellants] pay a total sum of $45,000." See Board of Commrs of Columbiana County v. Samuelson
(1986), 24 Ohio St.3d 62. Appellants invoked as their meritorious defense the doctrine of equitable estoppel to prevent appellee from enforcing the underlying judgment claiming that appellee has acquiesced to the substantial compliance of the terms and waived strict compliance by his actions over the course of the agreement. See Slusser v. Wyrick, supra. Thus, appellants have set forth a prima facie case supported with documentary evidence and they are entitled to a hearing on the issues.
We reverse the decision of the trial court and remand for hearing on appellants motion for relief from judgment made pursuant to Civ.R. 60(B).
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellants recover from appellee their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J. and
JAMES D. SWEENEY, J, CONCURS
KENNETH A. ROCCO, J., CONCURS WITH SEPARATE CONCURRING OPINION.