[Cite as *Wells Fargo Bank v. Smith*, 2013-Ohio-3989.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| WELLS FARGO BANK | ) | CASE NO. 10 MA 91 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| PETER M. SMITH | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from the Court of Common Pleas of Mahoning County, Ohio Case No. 09 CV 473

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiff-Appellee: Atty. Rebecca N. Algenio
Atty. Sallie A. Conyers
Reisenfeld & Associates, LPA LLC
3962 Red Bank Road
Cincinnati, Ohio 45227

For Defendant-Appellant: Atty. James E. Lanzo
4126 Youngstown-Poland Road
Youngstown, Ohio 44514

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: September 11, 2013

WAITE, J.

{¶1}     Appellant Peter M. Smith appeals the granting of summary judgment in favor of his mortgage lender, Appellee Wells Fargo Bank, in a disputed foreclosure action.    Appellant failed or was late in making most of the monthly mortgage payments.    After Appellant was nine months behind in the mortgage payments, Appellee filed a complaint in foreclosure in the Mahoning County Court of Common Pleas and a subsequent motion for summary judgment.    Appellant argued in response that he was not in default and that Appellee waived the right to accelerate by previously accepting late payments.    The court sustained Appellee's motion for summary judgment and entered a decree of foreclosure.    The record shows that Appellant was in default at the time the complaint was filed, and the note and mortgage contained an anti-waiver provision to permit acceleration of the loan even if late payments had been previously accepted.    Appellant failed to file any evidence in rebuttal to the motion for summary judgment.    The trial court was correct in granting summary judgment to Appellee, and the judgment is affirmed.

<u>History of the Case</u>

{¶2}     Appellant entered into an adjustable rate note and mortgage agreement with Appellee on April 6, 2005, for the original sum of $111,200.00 plus interest.    The parties executed a loan modification agreement on August 27, 2008, which increased the unpaid principal balance to $111,851.13 to account for arrearage which had developed over the prior three years.    Under the terms of the note, Appellant was obligated to make monthly payments in the amount of $758.58 on the first day of each month, with late charges accruing for any payment occurring fifteen or more

days overdue. Appellant was also required to deposit with the lender timely payments for home owner's insurance and property taxes. If Appellant failed to pay in full the amount of any of these items on the date they were due, then he would be in default. Both the note and the mortgage outlined the acceleration procedure that would take effect if the borrower defaulted on the loan. The agreements also contained specific anti-waiver clauses to preserve the lender's right to accelerate the loan at any time the borrower was in default, regardless of whether the lender had exercised that right during a prior default. Both agreements were signed by Appellant.

{¶3} Over the next few years, Appellant was regularly late or short on his monthly mortgage and insurance payments. In 2005 and 2006, the payments were usually only a few weeks or a month late. Appellee accepted the overdue payments and the corresponding late charges. However, in 2007 and 2008 Appellant fell further behind in the monthly payments. As of August, 2008, Appellant was six months behind in paying his mortgage. This apparently lead to a renegotiation of the mortgage on August 27, 2008, in which the arrears were added to the principal balance of the loan. Soon after the loan renegotiation, though, Appellant once again fell seriously behind in making payments. From December of 2008 until November of 2009, Appellant was anywhere from three to eight months behind in paying his mortgage.

{¶4} While Appellant was in default, a written notice was sent informing him that he had defaulted under the terms of the note. The notice instructed Appellant that if he did not pay the overdue amount by a certain date the note's acceleration

clause would be enforced and he would be required to pay the full amount of the unpaid principal plus interest. The deadline for payment outlined in the notice passed without a payment being made.

{¶5} On December 14, 2009, Appellee filed a complaint in foreclosure against Appellant in the Mahoning County Court of Common Pleas. Appellee requested relief in the form of payment of the unpaid sum of $111,174.37, plus interest at the rate of 7.25 percent per annum from February 1, 2009, late fees, prepayment penalty if applicable, title charges, court costs, reasonable attorney fees, and expenses for the preservation and maintenance of the real estate. Additionally, Appellee requested that the property be sold at a sheriff's sale, with any resulting proceeds paid to the lender for the amounts due and incurred.

{¶6} The complaint also named the State of Ohio Department of Taxation and Mortgage Electronic Registration Systems, Inc., acting solely as nominee for WMC Mortgage Corp., as co-defendants for any lien interest they may have had in the property. The Department of Taxation responded on February 5, 2010, denying any and all interest in the property. Mortgage Electronic Registration Systems, Inc. failed to answer or otherwise respond to the complaint.

{¶7} In response to Appellee's complaint, Appellant filed a cursory answer denying the complaint in its entirety. No defenses were alleged.

{¶8} On February 22, 2010, Appellee filed a motion for summary judgment. Appellee noted that Appellant's answer did not allege any operative facts to be disputed at trial. In support of the motion, Appellee attached the affidavit of Tyira Ganison, Assistant Secretary for BAC Home Loans and an agent for Wells Fargo

Bank. The affidavit established that Appellant was in default of payment of the note; that the delinquent payments precipitated the acceleration of the debt; and that Appellant had not cured the default. A copy of the complete loan payment record was incorporated by reference into the affidavit and attached to the motion.

{¶9} On March 2, 2010, Appellant filed a response to the motion for summary judgment alleging discrepancies of fact. He disputed the significance of the note's acceleration clause, and again asserted that he was not in default at the time the complaint was filed. No evidence was introduced as part of the responsive motion.

{¶10} Appellee filed a reply memorandum on March 15, 2010, which again outlined its prima facie case for summary judgment and foreclosure.

{¶11} On April 30, 2010, after a hearing on the matter, the trial court issued a judgment entry and decree of foreclosure in favor of Appellee. The trial court held that there was no genuine issue as to any material fact. The court ordered the property to be sold at a sheriff's sale and that the proceeds were to be paid to Appellee towards the unpaid debt of $111,174.37 plus interest at the rate of 7.25 percent per annum from February 1, 2009, together with all expenses and costs.

{¶12} Appellant filed his timely appeal on May 28, 2010. The appeal has been held in abeyance for over two years due to a mandatory stay in bankruptcy court, but the stay has now been lifted and the appeal may proceed.

<u>ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ERRED WHEN IT SUSTAINED APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

**{¶13}** This is an appeal of the decision to grant summary judgment to a mortgage lender in a foreclosure action. An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court, as set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the court must determine that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

**{¶14}** "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, *and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.*" (Emphasis sic.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). The nonmoving party has the reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293. In order to prevent summary judgment from being granted, the nonmoving party must produce some evidence that suggests that a reasonable factfinder could rule in that

party's favor. *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (1997).

{¶15} Appellant contends there is a genuine dispute as to material facts. Specifically, Appellant argues that Appellee waived its right to accelerate the loan by previously accepting late payments after a default. Appellant also alleges that he was not in default when the complaint for foreclosure was filed.

{¶16} At the outset, Appellant argues that Appellee is estopped from accelerating the loan because Appellee continually accepted late payments from Appellant. In support of his argument, Appellant cites to *Slusser v. Wyrick*, 28 Ohio App.3d 96, 502 N.E.2d 259 (12th Dist.1986), where the Twelfth District Court of Appeals held that the acceptance of late payments by a creditor who has the statutory or contractual right to repossess the collateral estops the creditor from lawfully repossessing the collateral unless the creditor gives notice that strict compliance with the payment schedule will afterward be required to avert repossession. However, the instant case is factually distinguishable from *Slusser* because the note in question specifically addresses the issue of waiver. (Complaint, Exh. A., pp. 2-3.)

{¶17} Paragraph 7(D) of the note, entitled, "[n]o Waiver by Note Holder" plainly states that "[e]ven if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time." Paragraph 12 of the mortgage provides that an extension of time to make payments does not constitute a waiver of the lender's right to accelerate the loan. Therefore, Appellant's arguments

as to the acceleration clause are misplaced, as the terms of the agreement specifically protect against waiver by the lender.

{¶18} We have previously held that there is no waiver of the right to accelerate a loan in default, even after prior acceptance of late payments, where the relevant loan documents contain clear and sufficient anti-waiver provisions. *Buckeye Retirement Co., LLC v. Walling,* 7th Dist. No. 05 MA 119, 2006-Ohio-7059, ¶24. This is consistent with rulings in other appellate districts. *Metropolitan Life Ins. Co. v. Triskett Illinois, Inc.,* 97 Ohio App.3d 228, 234, 646 N.E.2d 528 (1st Dist.1994); *Gaul v. Olympia Fitness Ctr., Inc.*, 88 Ohio App.3d 310, 317-318, 623 N.E.2d 1281 (8th Dist.1993).

{¶19} In light of the anti-waiver provisions that protect Appellee's right to accelerate the note and foreclose on the mortgage, Appellee's prior forbearance does not provide a basis for finding error in this appeal.

{¶20} Appellant next argues that the anti-waiver clause cannot be effectuated because he was not in default at the time the complaint in foreclosure was filed. Appellant correctly states that the acceleration clause in the note provides that "[e]ven if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time*."* Appellant contends that a review of his account history shows that he was not in default at a later time, and that any default was cured at the time of the filing of the complaint. However, the affidavit of Tyira Ganison in support of Appellee's motion for summary judgment, and the attached loan payment record, refutes this argument. The record before us reflects that

Appellant was at least seven months behind in his payments when the complaint was filed. Appellant provided no evidence to rebut the affidavit and other evidence filed with Appellee's motion for summary judgment. His bare assertion in his brief is not evidence. The undisputed facts reveal that Appellant was, in fact, in default at the time the foreclosure action was initiated. For all these reasons, Appellant's sole assignment of error is overruled.

## Conclusion

**{¶21}** Appellee brought a foreclosure action against Appellant for defaulting on his loan and mortgage. Contrary to Appellant's argument, Appellee did not waive its right to accelerate the loan by previously accepting late payments from Appellant. The loan and mortgage contained anti-waiver provisions that allowed Appellant to declare default and accelerate the loan even after prior forbearance. Additionally, the record reflects that Appellant was in default when the foreclosure action was filed. There is no genuine dispute as to any material fact, and the trial court properly sustained Appellee's motion for summary judgment and granted the foreclosure. The judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, P.J., concurs.